GOODMAN, SHERIDAN & ROFF, LLP
Nathan J. Sheridan, Esq.   SBN 208940
Kevin J. Griffith, Esq.      SBN 242871
22974 El Toro Road, Ste. 200
Lake Forest, CA  92630
Telephone: (949) 274-8962
Facsimile: (949) 206-1858
nsheridan@gsrllp.com

Attorneys for Plaintiff, EDEBITPAY, LLC

FILED

2008 JAN 18  PM 4: 50

CLERK, U S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| EDEBITPAY, LLC., a California Limited Liability Company<br><br>      Plaintiff,<br><br>v.<br><br>Thomas Lekander, aka Tom Lekander, an individual doing business as LST Financial, Inc.; Gregory Colton, an individual doing business as LST Financial, Inc.; and James Collins, an individual doing business as LST Financial, Inc; LST Financial, Inc., a Delaware Corporation; LST Financial, Inc., a business entity unknown; LST Financial, LLC, a business entity unknown; LST Financial, a business entity unknown<br><br>      Defendants | CASE  NO:  CV07-05128 GW (JWJX)<br><br>Assigned to: Judge George H. Wu<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1.    RICO - Violation of 18 U.S.C. § 1962(c);<br>2.    RICO - Violation of 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c)<br>3.    Breach of Contract;<br>4.    Fraud;<br>5.    Conversion;<br>6.    Unjust Enrichment;<br>7.    The Imposition of a Constructive Trust;<br>8.    Accounting;<br>9.    Aiding and Abetting Fraud; and<br>10.   Aiding and Abetting Conversion.<br><br>[Jury Trial Demand] |

**FIRST AMENDED COMPLAINT**

**COMES NOW** Plaintiff, EDEBITPAY, LLC ("EDP") a California Limited Liability Company by and through its attorneys, Goodman, Sheridan & Roff, LLP, for its Complaint against the Defendants Thomas Lekander, aka Tom Lekander, ("Lekander") an individual doing business as LST Financial, Inc., Gregory Colton, ("Colton") an individual doing business as LST Financial, Inc., and James Collins ("Collins"), an individual doing business as LST Financial, Inc., LST Financial, Inc., a Delaware Corporation, LST Financial, Inc., a business entity unknown, LST Financial, LLC, a business form unknown, LST Financial, a business form unknown, with the allegations contained herein being asserted against Defendants Lekander, Colton, Collins, LST Financial, Inc., LST Financial, LLC, and LST Financial (collectively "Defendants"), alleges as follows:

## SUMMARY OF FACTUAL
## ALLEGATIONS UNDERLYING THE ACTION

1.     This action arises from a fraudulent scheme perpetrated by each Defendant, acting together in concert, for the purpose of converting the six hundred sixty seven thousand, nine hundred thirty-two dollars and eighty four cents ($667,932.84) in payment processing proceeds owed Plaintiff by Defendants.

2.     EDP is and at all times relevant was a reseller of stored value debit cards ("Cards"). Through various agreements with payment processors, EDP is, and at all times was, authorized to sell its Cards to retail customers.

3.     EDP is informed and believes, and on that basis, alleges that on or about June 19, 2006, a scheme to defraud EDP was conceived by Defendants Lekander, Colton and Collins wherein Defendants, who, purporting to be authorized representatives of "LST Financial, Inc." a Texas corporation duly

**FIRST AMENDED COMPLAINT**

GOODMAN, SHERIDAN & ROFF, LLP

authorized to process ACH (Automated Clearing House) transactions, solicited a contractual processing relationship with Plaintiff, pursuant to which EDP agreed to hire Defendants to process the ACH payments initiated and authorized by EDP's customers in exchange for enumerated application, professional service, and recurring transactional fees paid by EDP to Defendants.  A true and correct copy of the processing contract (the "Contract") is attached hereto as Exhibit "1."

4.     EDP is informed and believes, and on that basis alleges that LST Financial, Inc. is a fictitious entity conceived of by Defendants to disguise and perpetrate their fraud and to divert Plaintiff from discovering Defendants' true identities.

5.     EDP is informed and believes, and on that basis alleges that LST Financial, Inc. is not now, nor at any time referenced herein ever was, duly organized as a business entity within any jurisdiction.  Since the initiation of this suit, Counsel for Defendants has represented to this Court and Plaintiff's Counsel that LST Financial, Inc. is a duly authorized corporation under the laws of the State of Delaware.

6.     EDP is informed and believes, and on that basis alleges that should LST Financial, Inc. be found to be an authorized business entity under the laws of the State of Delaware or any other jurisdiction within the United States of America, the acts alleged in Paragraph 3, *surpa*, by Defendants Lekander, Colton, and Collins were conceived by said Defendants on behalf of LST Financial, Inc.

7.     EDP is informed and believes, and on that basis alleges that Defendants own and operate the website www.lstfiancial.com, and, at all times referenced herein, utilized the website to deceive Plaintiff and other unwitting

FIRST AMENDED COMPLAINT

victims as to the status of LST Financial, Inc. as that of a legitimate, duly organized business entity and authorized ACH payment processor. Defendants' utilization of the website to defraud Plaintiff included a fake "sign in" link through which EDP was lead to believe that that it could retrieve processing data via a proprietary "LST Financial" web interface. Plaintiff is informed and believes that at all times mentioned herein the "sign in" link was non functional, and created by Defendants merely as a guise to perpetrate their fraud. A true and correct copy of the website www.lstfinancial.com, its ownership registration information, and the "sign in" link are attached hereto as Exhibits "2", "3" and "4", respectively.

8.      Beginning in or about June of 2006 until November of 2006, EDP processed its customers ACH transactions through Defendants, often in excess of six figures per month. Pursuant to Defendants' representations to EDP, Plaintiff was to receive the proceeds from the funds processed by Defendants, less applicable fees, after a hold period of 12 days.

9.      During the processing period, Defendants failed to settle EDP's processing proceeds in accord with their earlier representations to Plaintiff, nor properly account for the same. As a result, in or about November of 2006, after Defendants' failed and refused to remit the ACH processing proceeds due Plaintiff pursuant to Defendants' earlier representations and promises, in accord with the terms of the parties' written processing contract, or in response to EDP's written demands, Plaintiff ceased processing its ACH transactions through Defendants.

10.     Between late November of 2006, up to the date of this complaint, Defendants have repeatedly represented to Plaintiff that its processing funds are being safely held by Defendants in a segregated bank account and will be

**FIRST AMENDED COMPLAINT**

GOODMAN, SHERIDAN & ROFF, LLP

GOODMAN, SHERIDAN & ROFF, LLP

1  remitted to Plaintiff, in full, upon Defendants' complete reconciliation of the

2  account.

3      11.    EDP is informed and believes, and on that basis alleges that

4  Defendants never intended to remit the processing proceeds owed Plaintiff,

5  and that the "account reconciliation" is and was a carefully-devised scheme

6  created by Defendants and exploited by each of them in order to delay EDP

7  from initiating litigation against Defendants and to provide Defendants

8  adequate time within which to convert and fraudulently transfer EDP's funds

9  into illicit shelters devised by and for the benefit of Defendants.

10     12.    As of December 1, 2006, the principal balance of the processing

11  proceeds due Plaintiff from Defendants totaled $667,932.84, non-inclusive of

12  the fees and transaction charges paid by EDP to Defendants.

13     13.    This Complaint alleges, *inter alia,* violations under the *Racketeer*

14  *Influenced and Corrupt Organizations Act* ("RICO"), 18 U.S.C. §1961, *et seq.,*

15  and is brought by EDP in connection with the scheme devised, conducted

16  and/or participated in by the Defendants, and possibly others known and

17  unknown. Each of the aforementioned Defendants engaged in a pattern of

18  racketeering activity, and conspired to do so, all to the detriment and damage

19  of EDP in an amount totaling no less than $667,932.84.

20     14.    This Complaint also alleges common law claims, including the

21  following: (i) breach of contract; (ii) fraud, (iii) conversion, (iv) unjust

22  enrichment, (v) imposition of a constructive trust, (vi) for an accounting; (vii)

23  aiding and abetting fraud; and, (viii) aiding and abetting conversion.

24     15.    The relief sought includes actual damages, punitive damages and

25  treble damages arising from the Defendants; scheme to defraud EDP as set

FIRST AMENDED COMPLAINT

forth herein, imposition of a constructive trust, cost of investigation and suit, interest and attorneys' fees.

## JURISDICTION

16.    This Court has jurisdiction over the claims for relief under 18 U.S.C. § 1964(a) [RICO-Equity Relief] § 1964(c) [RICO-Right to Sue and Treble Damages], 28 U.S.C. § 1331 [Federal Question], § 1332(a) [Diversity of Citizenship] and § 1367(a) [Supplemental Jurisdiction].

## PERSONAL JURISDICTION AND VENUE

17.    Personal jurisdiction and venue are predicated upon 28 U.S.C. § 1965(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1332, *et. seq.*, since the individual natural Defendants are now, and at all times mentioned herein were, residents of the State of Texas, the individual business entity Defendants are allegedly organized under the laws of the State of Delaware and with their principal place of business in the State of Texas, the amount of Plaintiff's damages exceeds $75,000, and because a substantial portion of the events or omissions giving rise to Plaintiff's claims against Defendants' occurred within the Central District of California.

## PARTIES

### Plaintiff, EDEBITPAY, LLC.

18.    Plaintiff EDP is a Limited Liability Company duly organized under the laws of the State of California with its principal place of business located at 5301 Laurel Canyon, Ste. 132, Valley Village, California  91607, within the Central District of California.

### Defendant, Thomas Lekander

19.    EDP is informed and believes, and on that basis alleges, that Defendant Lekander is an individual doing business as LST Financial, Inc.,

GOODMAN, SHERIDAN & ROFF, LLP

GOODMAN, SHERIDAN & ROFF, LLP

1  who currently resides, and at all times mentioned herein resided within, the

2  State of Texas, City of San Antonio.

3  ***Defendant, Gregory Colton***

4      19.   EDP is informed and believes, and on that basis alleges, that

5  Defendant Colton is an individual doing business as LST Financial, Inc., who

6  currently resides, and at all times mentioned herein resided within, the State of

7  Texas, City of San Antonio.

8  ***Defendant, James Collins***

9      20.   EDP is informed and believes, and on that basis alleges, that

10 Defendant Collins is an individual doing business as LST Financial, Inc., who

11 currently resides, and at all times mentioned herein resided within, the State of

12 Texas, City of San Antonio.

13 ***Defendant, LST Financial, Inc., a Delaware Corporation***

14     21.   EDP, through counsel, has been informed that LST Financial, Inc.

15 is a corporation authorized under the laws of the State of Delaware, with its

16 principle place of business in the State of Texas.

17 ***Defendant, LST Financial, Inc., a business form unknown***

18     22.   EDP is informed and believes, and on that basis alleges, that LST

19 Financial, Inc. is a business owned and operated by Defendants Lekander,

20 Colton, and Collins, but is unaware of its true nature and form.

21 ***Defendant, LST Financial, LLC, a business form unknown***

22     23.   EDP is informed and believes, and on that basis alleges, that LST

23 Financial, LLC is a business owned and operated by Defendants Lekander,

24 Colton, and Collins, but is unaware of its true nature and form.

25 ***Defendant, LST Financial, a business form unknown***

26     24.   EDP is informed and believes, and on that basis alleges, that LST

27

28

**FIRST AMENDED COMPLAINT**

Financial, Inc. is a business owned and operated by Defendants Lekander, Colton, and Collins, but is unaware of its true nature and form.

***Other Participants Known And Unknown***

25. In addition to the defendants named in this action, upon information and belief, there were other parties, known and unknown, who participated in this scheme as alleged herein.

## RICO ALLEGATIONS

26. EDP is a "person" within the meaning of 18 U.S.C. § 1961(3) and 1964(c).

27. Each and every one of the Defendants and other participants, known and unknown, are and at all times relevant, have been a "person" within the meaning of 18 U.S.C. § 1961(3) and 1964(c).

28. Each and every one of the Defendants and other participants, known and unknown, were at all times alleged herein an "enterprise" associated in fact (hereinafter referred to as the "Defendants' Enterprise") within the meaning of 18 U.S.C. § 1961(4) and 1962, which enterprise was engaged in and the activities of which affected interstate commerce at the relevant times.

***RICO Predicate Acts (The Racketeering Activity)***

29. For the purpose of executing, attempting to execute and in furtherance of the above described scheme, during the years 2006 through 2007, inclusive, Defendants and other participants, known and unknown, knowingly and repeatedly placed and caused to be placed in the post office or authorized depository for mail, purchase orders, invoices and supporting documentation, checks, and things to be delivered and sent by the United

GOODMAN, SHERIDAN & ROFF, LLP

**FIRST AMENDED COMPLAINT**

States Postal Service, and took or received therefrom such things, in repeated violation of 18 U.S.C. § 1341.

30.   For the purpose of executing, attempting to execute and in furtherance of the above-described scheme, during the years 2006 through 2007, inclusive, Defendants and other participants, known and unknown, knowingly and repeatedly transmitted or caused to be transmitted telephone, facsimile and electronic communications, and made other uses of wire services in repeated violation of 18 U.S.C. § 1343.

31.   Each violation of the aforesaid statutes by Defendants and other participants, known and unknown, of 18 U.S.C. § 1341 (mail fraud) and 1343 (wire fraud), constitutes an instance of "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).

32.   The multiple acts of racketeering activity by Defendants were interrelated, and part of a common and continuous pattern of fraudulent schemes which had a real threat of continuing, thus constituting a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(RICO-Violation of 18 U.S.C. § 1962(c))*

33.   EDP repeats and realleges paragraphs 1 through 32, as though fully set forth herein.

34.   By reason of the foregoing circumstances and events, each and every one of the Defendants and other participants, known and unknown, unlawfully, willfully and knowingly conducted and participated, directly or indirectly, in the conduct of the affairs of the Defendants/Defendants' Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

GOODMAN, SHERIDAN & ROFF, LLP

FIRST AMENDED COMPLAINT

35.   As the proximate cause of the conduct, EDP has been injured in its business or property in the amount of at least $667,932.

36.   EDP is entitled to recover three-fold the damages sustained as a result of the scheme, together with its reasonable attorneys' fees and costs, in accordance with 18 U.S.C. § 1964(c).

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(RICO-Violation of 18 U.S.C. § 1962(c))*
### *by Conspiracy to Violate 18 U.S.C. § 1962(c))*

37.   EDP repeats and realleges the allegations of paragraphs 1 through 36, as though fully set forth herein.

38.   By reason of the aforementioned circumstances and events, each and every one of the Defendants and other participants, known and unknown, unlawfully, willfully and knowingly conspired to violate the provisions of 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d) by unlawfully, willfully and knowingly conspiring to conduct and participate, directly or indirectly, in the conduct of the affairs of the Defendants' Enterprise through a pattern of racketeering activity.

39.   As the proximate cause of the conduct, EDP has been injured in its business or property in the amount of at least $667,932.

40.   EDP is entitled to recover three-fold the damages sustained as a result of the scheme, together with its reasonable attorneys' fees and costs, in accordance with 18 U.S.C. § 1964(c).

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(Breach of Contract)*

41.   EDP repeats and realleges the allegations of paragraphs 1 through 40, as though fully set forth herein.

**FIRST AMENDED COMPLAINT**

42.   On or about June 19, 2006 Plaintiff entered into a written Contract with Defendants, pursuant to which Defendants agreed to provide Plaintiff ACH transaction processing services, the proceeds from which, less applicable processing fees, were to be remitted to EDP by Defendants on the twelfth day immediately following the date of the processed transaction(s).

43.   EDP was informed and believed, at the time of the Contract's formation that it was contracting with LST Financial, Inc. a corporation duly authorized to conduct business in the State of Texas.  EDP is now informed and believes, and on that basis alleges, that the true parties to the Contract were and are Defendants Lekander, Colton, and Collins, as EDP is now informed and believes that LST Financial, Inc. is not now, or at any relevant time, a corporation authorized to do business under any of the laws of any jurisdiction of the United States of America.

44.   EDP performed all of its obligations with respect to the Contract, or was excused from performance based on the fraud perpetrated by Defendants as set forth herein.

45.   In committing the acts and perpetrating the schemes alleged above, and in operating the Defendants' Enterprise, Defendants have breached the provisions set forth in the Contract.

46.   As a direct and proximate result of Defendants' breaches of the provisions set forth in the Contract, EDP has suffered damages in the principal amount of $667,932.84, plus interest at the maximum statutory rate.

47.   Pursuant to the Contract, EDP is additionally entitled to recover from Defendants' its reasonable attorneys' fees and costs incurred herein.

/ / / /

/ / / /

FIRST AMENDED COMPLAINT

**FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
*(Fraud)*

48.     EDP repeats and realleges paragraphs 1 through 47, as though fully set forth herein.

49.     EDP is informed and believes, and on that basis alleges that on or about June 19, 2006, a scheme to defraud EDP was conceived by Defendants Lekander, Colton and Collins, on their own behalf or on behalf of LST Financial, Inc., wherein Defendants, who, purporting to be authorized representatives of "LST Financial, Inc." a Texas corporation duly authorized to process ACH (Automated Clearing House) transactions, solicited a contractual processing relationship with Plaintiff, pursuant to which EDP agreed to hire Defendants to process the ACH payments initiated and authorized by EDP's customers in exchange for enumerated application, professional service, and recurring transactional fees paid to Defendants by EDP.

50.     EDP is informed and believes, and on that basis alleges that LST Financial, Inc. is a fictitious entity conceived of by Defendants to disguise and perpetrate their fraud and to divert Plaintiff from discovering Defendants' true identities.

51.     EDP is informed and believes, and on that basis alleges that LST Financial, Inc. is not now, nor at any time referenced herein ever was, duly organized as a business entity within any jurisdiction.

52.     EDP is informed and believes, and on that basis alleges that Defendants own and operate the website www.lstfiancial.com, and, at all times referenced herein, utilized the website to deceive Plaintiff and other unwitting victims as to the status of LST Financial, Inc. as that of a legitimate, duly organized business entity and authorized ACH payment processor. Defendants' utilization of the website to defraud Plaintiff included a fake "sign

**FIRST AMENDED COMPLAINT**

in" link through which EDP was lead to believe that that it could retrieve processing data via a proprietary "LST Financial" web interface.  Plaintiff is informed and believes that at all times mentioned herein the "sign in" link was non functional, and created by Defendants merely as a guise to perpetrate their fraud.

53.     EDP reasonably relied on the representations by Defendants and the non-existence of the facts suppressed by them with respect to their conspiratorial scheme to defraud Plaintiff.  EDP was thus induced to employ, and did employ, Defendants to process the ACH payments originated by its customers and EDP would not have employed nor continued to employ Defendants if the true facts had been known to EDP.  As EDP had no information regarding the scheme between and among Defendants, EDP could not have known of their true, fraudulent intentions and EDP's reliance upon the certifications, representations and promises made by Defendants was reasonable.

54.     EDP is informed and believes, and on that basis alleges that Defendants never intended to remit the processing proceeds owed Plaintiff, and that the "account reconciliation" justification proffered by Defendants is and was a illicit tactic utilized to delay Plaintiff from initiating litigation against Defendants, thereby providing Defendants adequate time to convert and fraudulently transfer Plaintiff's processing funds into illicit shelters devised by and for the benefit of Defendants.

55.     As a result of Defendants' fraud and deceit, EDP has been damaged in the amount of at least $667,932.84, in addition to any and all fees and charges paid to or collected by Defendants pursuant to their fraudulent scheme.

FIRST AMENDED COMPLAINT

56.     The aforementioned conduct of Defendants was intentional, deceitful and constituted a concealment of material facts known to Defendants with the intention on their part of deceiving EDP and depriving EDP of its property.  Defendants' conduct was despicable and in conscious disregard of EDP's rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(Conversion)*

57.     EDP repeats and realleges paragraphs 1 through 56, as though fully set forth herein.

58.     Defendants wrongfully converted the $667,932.84 stolen from EDP through their fraudulent scheme by wrongfully retaining that money.

59.     EDP has been damaged as a result of Defendants' conversion in the amount of at least $667,932.84.

60.     The aforementioned conduct of Defendants was intentional, deceitful and constituted a concealment of material facts known to Defendants with the intention on their part of deceiving EDP and depriving EDP of its property.  Defendants' conduct was despicable and in conscious disregard of EDP's rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(Unjust Enrichment)*

61.     EDP repeats and realleges paragraphs 1 through 60, as though fully set forth herein.

62.     Defendants have held and continue to hold money stolen from EDP without any right thereto.  Defendants have been unjustly enriched at EDP's expense by such retention.

63.     EDP has been damaged as a result in the amount of at least $667,932.84.

FIRST AMENDED COMPLAINT

GOODMAN, SHERIDAN & ROFF, LLP

64.     The aforementioned conduct of Defendants was intentional, deceitful and constituted a concealment of material facts known to Defendants with the intention on their part of deceiving EDP and depriving EDP of its property.  Defendants' conduct was despicable and in conscious disregard of EDP's rights, so as to justify an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(For the Imposition of a Constructive Trust)*

65.     EDP repeats and realleges paragraphs 1 through 64, as though fully set forth herein.

66.     Each and every one of the Defendants, with the assistance of others, known and unknown, knowingly received monies and assets either directly or indirectly from EDP under circumstances such that those Defendants knew that the receipt of the monies and assets was unlawful and improper.

67.     The exact amount of Plaintiff's monies and assets wrongfully received by Defendants exceeds $667,932.84.

68.     Defendants' conduct constitutes an intentional act of wrongdoing, undertaken by Defendants with actual knowledge that their conduct was unlawful and improper, and was carried out by Defendants with malice and in wanton and willful disregard of the rights of EDP.

69.     Each and every one of the Defendants are trustees for EDP of the monies and assets received, directly or indirectly, and EDP is entitled to a return of those monies and assets.

70.     Accordingly, a constructive trust should be imposed against each Defendant, jointly and severally, in the principal amount of least $667,932.84 and a full accounting of the money ordered.

FIRST AMENDED COMPLAINT

GOODMAN, SHERIDAN & ROFF, LLP

GOODMAN, SHERIDAN & ROFF, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(For an Accounting)*

71.   EDP repeats and realleges paragraphs 1 through 70, as though fully set forth herein.

72.   By reason of the foregoing, Defendants should be held to account to Plaintiff for the monies received as alleged herein, and EDP is entitled to an accounting of the same.

## NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(For Aiding and Abetting Fraud)*

73.   EDP repeats and realleges paragraphs 1 through 72, as though fully set forth herein.

74.   In furtherance of the scheme to defraud EDP as set forth above, Defendants, and each and every other participant unknown at the time of the filing of this Complaint, entered into a conspiracy to defraud EDP without Plaintiff's knowledge.

75.   Defendants, and each of them, knowingly induced and participated in the conspiracy to defraud EDP by providing substantial assistance to Defendants and other participants unknown at the time of the filing of this Complaint, as set forth herein and Defendants had actual knowledge of, and actively participated in, the conspiracy to defraud EDP.

76.   By reason of the foregoing and Defendants' aiding and abetting of the fraudulent scheme, Defendants have proximately caused damages to EDP in the principal amount of at least $667,932.84.

77.   The aforementioned conduct of Defendants was intentional, deceitful and constituted a concealment of material facts known to Defendants with the intention on their part of deceiving EDP and depriving EDP of its

FIRST AMENDED COMPLAINT

property.  Defendants' conduct was despicable and in conscious disregard of EDP's rights, so as to justify an award of exemplary and punitive damages.

## TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### *(For Aiding and Abetting Conversion)*

78.    EDP repeats and realleges paragraphs 1 through 77, as though fully set forth herein.

79.    As set forth herein, Defendants and other participants unknown at the time of the filing of this Complaint, wrongfully converted to their own use money stolen from EDP through the fraudulent scheme by wrongfully retaining that money, and conspired to do so.

80.    Defendants knowingly induced and participated in the wrongful conversion of the money stolen from Plaintiff by virtue of each Defendant's active participation in the fraudulent conspiracy.

81.    Defendants' knew the funds stolen from EDP through their fraudulent scheme belonged to EDP and were wrongfully misappropriated by Defendants and other participants unknown at the time of the filing of this Complaint.

82.    EDP has been damaged as a result of the conversion and Defendants' aiding and abetting of the conversion in the principal amount of at least $667,932.84.

83.    The aforementioned conduct of Defendants was intentional, deceitful and constituted a concealment of material facts known to Defendants with the intention on their part of deceiving EDP and depriving EDP of its property.  Defendants' conduct was despicable and in conscious disregard of EDP's rights, so as to justify an award of exemplary and punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and against each of them, jointly and severally:

FIRST AMENDED COMPLAINT

GOODMAN, SHERIDAN & ROFF, LLP

1. In the amount of $667,932.84, plus interest, upon the First Claim for Relief for violation of 18 U.S.C. § 1962(c), the sum duly trebled to the amount of $2,003,798.50 (two million, three thousand, seven hundred and ninety eight dollars and fifty cents) in accordance with 18 U.S.C. § 1964(c), and for the cost of the suit including reasonable attorneys' fees in accordance with 18 U.S.C. § 1963(c);

2. In the amount of $667,932.84, plus interest, upon the Second Claim for Relief for violation of 18 U.S.C. § 1962(d) by conspiracy to violate 18 U.S.C. §  1962(c), the sum duly trebled to the amount of $2,003,798.50 (two million, three thousand, seven hundred ninety eight dollars and fifty cents) in accordance with 18 U.S.C. § 1964(c), and for the cost and suit including reasonable attorneys' fees in accordance with 18 U.S.C. § 1964(c);

3. In the amount of $667,932.84, plus interest, for the Third Claim for Relief alleging breach of contract, plus the cost and disbursements of this action, including reasonable attorneys' fees;

4. In the amount of $667,932.84, plus interest for the Fourth Claim for Relief against Defendants for Fraud, plus punitive damages, and for the costs and disbursement of this action;

5. In the amount of $667,932.84, plus interest, for the Fifth Claim for Relief alleging conversion, plus punitive damages and for the costs and disbursements of this action;

6. In the amount of $667,932.84, plus interest, for the Sixth Claim for Relief alleging unjust enrichment, plus punitive damages, and for the costs and disbursements of this action;

7. That the Court impose a constructive trust upon each Defendant, jointly and severally, in the principal amount of $667,932.84.

GOODMAN, SHERIDAN & ROFF, LLP

1    8. That Defendants be ordered to provide Plaintiff a full accounting of

2    the payment processing proceeds due Plaintiff as fully described herein;

3    9.  In the amount of $667,932.84, plus interest, for the Ninth and Tenth

4    Claims for Relief against Defendants for aiding and abetting fraud and aiding

5    and abetting conversion, plus punitive damages, and for the costs and

6    disbursements of this action;

7    10. That Plaintiff be awarded such other and further relief as the Court

8    deems just and proper, together with the costs and disbursements of this action

9    incurred by Plaintiff, including but not limited to the costs of private

10   investigators, expert witnesses, and other professionals to be employed with

11   respect to Plaintiff's claim for an accounting.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED:  January 7, 2008                    Respectfully submitted,

**Goodman, Sheridan & Roff,
LLP**
By: *s/Nathan J. Sheridan*                 By:
Nathan J. Sheridan, Esq.
22974 El Toro Road, Ste. 200
Lake Forest, CA  92630                     Nathan J. Sheridan, Esq.
(949) 274-8962                             Attorney for Plaintiff, EDEBITPAY, Inc
(949) 206-1858 - fax

GOODMAN, SHERIDAN & ROFF, LLP

Page 19